**Stanley H. MOLITOR et al., Appellants,**

v.

**ATZ TRAVEL, INC., Appellee.**

**No. 2566.**

Supreme Court of Alaska.

May 28, 1976.

---

5. *Compare Somma v. United States,* 283 F.2d 149 (3d Cir. 1960).

C. R. Kennelly, of Kennelly & Azar, Anchorage, for appellants.

Leroy J. Barker of Robertson, Monagle, Eastaugh & Bradley, Anchorage, for appellee.

Before RABINOWITZ, CONNOR, ERWIN and BURKE, Justices, and DIMOND, Justice Pro Tem.

### OPINION

PER CURIAM.

Molitor, Doremus & Hanlin, a firm of certified public accountants (hereafter referred to as Molitor), appeal from a superior court decision [1] allowing Molitor nothing as an offset to a bill for $9,765.00 submitted to Molitor and sued upon by ATZ Travel, Inc. (hereafter referred to as ATZ). The $9,765.00 represented travel costs incurred by Molitor and charged to ATZ.

In 1970, Molitor was retained to perform accounting services for ATZ, then a recently organized corporation. Molitor helped set up ATZ's bookkeeping system, prepared tax information and performed a certified audit. Because ATZ was growing fast, Molitor undertook a computerization of ATZ's bookkeeping system in late 1971 with the proposed end result of a fully computerized internal corporate record. The arrangement between the parties ceased in early 1973.

Of the total of the monthly bills sent by ATZ,[2] Molitor paid $3,000.00 in 1973. The only evidence at the trial of a bill from Molitor to ATZ during the three-year period was one dated in December 1973 for $8,738.00. This bill was submitted after ATZ had commenced this action.

Molitor admits owing ATZ the $9,765.00. However, Molitor claims that it was entitled to an offset for this entire amount as charges for the accounting services rendered by Molitor to ATZ.

The trial court held that with respect to Molitor's obligation to ATZ, which was principally to computerize ATZ's bookkeeping system, there was a substantial failure of performance by Molitor under the oral agreement. The court stated it was apparent that Molitor had rendered some valuable accounting services to ATZ in spite of its substantial failure to computerize ATZ's internal records, but that it could not claim an offset because it failed to sufficiently segregate and place a value on the work it did which was beneficial to ATZ.

In general, the trial court was correct. As to the conclusion that Molitor had substantially failed to perform, there was testimony by a partner in Molitor that its computerization had not accomplished the desired purpose, and from an accountant subsequently hired to do the job, that Molitor's work was useless to him. Molitor placed the blame for its failure on ATZ's lack of cooperation. However, there was testimony that ATZ gave Molitor the records it requested, that Molitor never put any of its complaints against ATZ in writing, and that the accountant who successfully did the job in 1973 for a total cost of $1,000.00 had no trouble getting information from ATZ. The trial court's conclusion as to Molitor's substantial failure of performance is based on legally sufficient evidence.[3]

In order to receive any offset Molitor had the obligation to provide actual

---

1. This case was tried by the court without a jury.

2. Calculated by ATZ to be $12,765.00 and by Molitor to be $10,831.34.

3. *See* 3A Corbin on Contracts, §§ 700, 704–07 (1960) ; Restatement of Contracts, § 275 (1932).

proof of the value of whatever beneficial services it rendered to ATZ.[4] We have reviewed the entire record and find that in major part Molitor failed to do this. We say "major part" because, although the testimony of Molitor's witnesses is vague and not helpful to Molitor with regard to the computerization services which were to be rendered to ATZ, Molitor's evidence included a draft bill dated September 2, 1971, showing that Molitor had performed other services for ATZ valued at $1,975.00.

With respect to this draft bill, there was testimony from Mr. McKee of Molitor that he had performed the services stated in the bill, which consisted of preparation of federal and state income tax returns, preparation of a financial statement, assistance with routine bookkeeping matters, and consultation on various accounting and tax matters. These services appear to have been rendered prior to the attempted computerization of ATZ's records. There was no specific testimony to the effect that the services covered by this draft bill were without value to ATZ. Consequently, we hold that the sum of $1,975.00 representing Molitor's services prior to September 1971 should be allowed as an offset.

Molitor also contends that the trial court should not have denied it the opportunity to prove its affirmative defense that part of ATZ's claim was based on usurious interest rates and service charges. The difficulty with this argument is that Molitor admitted that it owed ATZ $9,765.00, the amount claimed in this action. This admission was made by Molitor's failure to respond to a pre-trial request for admissions from ATZ[5] and by its choice at trial not to pay the costs of a continuance in order to answer the request for admissions. In its brief on appeal, Molitor acknowledges this by stating, "Molitor admitted owing ATZ $9,765.10, but claimed an offset for the same amount". The admission foreclosed Molitor from attempting to prove that the amount admittedly owed contained usurious interest rates and service charges.

Molitor's final argument is that the findings of fact and conclusions of law contained in the trial court's memorandum of decision[6] are not sufficient to give this court a clear understanding of the basis of the trial judge's decision. We disagree. Judge Moody's oral decision sets forth his findings and conclusions in ample detail.

The case is remanded for the purpose of modifying the judgment in favor of ATZ so as to allow an offset to Molitor in the amount of $1,975.00.

REMANDED.

BOOCHEVER, Chief Justice, not participating.

---

4. *Nordin Construction Co. v. City of Nome,* 489 P.2d 455, 465–66 (Alaska 1971).

5. Civil Rule 36(a) provides in part:
   The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . .

6. Civil Rule 52(a) provides in part:
   If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.